# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Brandon Keith Benson, | Civ. No. 22-3059 (JWB/DLM) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Lucinda Jesson, Nancy Johnston, Dennis Benson, Kevin Moser, Scott Benoit, Terry Kneisel, Troy Basaraba, Gene Anderson, Ann Zimmerman, Steve Sayovitz, Juliana Beavens, Kevin Carlson, Ken Stewart, Rob Rose, Brian S. Ninneman, Sue Johnson, Sara Kulas, Jannine Hebert, Peter Puffer, Janel Lindgren, Yvette Anderson, Thane Murphy, Allison Collins, Angie Ottum, Laurie Severson, Kent Johanson, Gemma Watson, Nicki Marvel, Troy Swartout, Brandon Tatum, and Darien Menten, *in their individual and official capacities*, | |
| Defendants. | |

Brandon Keith Benson, pro se Plaintiff.

Leonard J. Schweich, Esq., and Mara Sybesma, Esq., Minnesota Attorney General's Office, counsel for Defendants.

United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") on January 30, 2024. (Doc. No. 54.) Both parties have filed objections. (Doc. Nos. 55, 56, 57.) A district court reviews the portions of the R&R to which the parties object de novo and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1);

D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R or merely repeats its prior arguments, de novo review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). The portions of an R&R to which no specific objection is made are reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Benson is pro se, his objections receive liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I. Plaintiff's Objections

First, Benson's objection that there has been no final judgment on the merits, only on the constitutionality of the relevant commitment statute, ignores subsequent district court and Eight Circuit rulings. Benson describes only the first *Karsjens* appellate decision—as of the third *Karsjens* appellate decision, all claims arising from the district court case have been fully litigated and resolved on the merits. *Karsjens v. Piper*, 845 F.3d 394 (8th Cir. 2017); *Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021); *Karsjens v. Harpstead* (8th Cir. 2023); *see also* (Doc. No. 54 at 13–14) (comparing Benson's claims with the *Karsjens* claims). This objection is overruled.

Second, Benson's objection that all 31 Defendants are culpable because they "either knew about [the underlying allegations] or acted in concert [with each other]" misapprehends the pleading standard. (Doc. No. 56 at 2–3.) Benson fails to allege that the dismissed Defendants have taken any individual official actions in violation of law. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). Non-specific and conclusory statements of wrongdoing are insufficient, and this objection is overruled. *Id*.

Third, while Benson objects that he has stated an equal protection claim for

2

discrimination based on sexual orientation, he fails to allege facts showing the requisite disparate treatment. Fourteenth Amendment class-based equal protection claims require that members of an identifiable group be treated differently from otherwise similarly-situated non-members. *Mitchell v. Kirchmeier*, 28 F.4th 888, 902 (8th Cir. 2022). Absent allegations that other non-member Moose Lake detainees faced similar circumstances yet received different treatment, Benson has failed to state a claim, and this objection is overruled.

Finally, Benson's objection to the legal standard used for his claim of deficient medical care is unavailing. The legal standard used is correct, and he failed to allege that any Defendants knew of a serious medical need—a requirement no matter how the standard is phrased. *Compare Mead v. Palmer*, 794 F.3d 932, 936 (8th Cir. 2015) (requiring that "the defendants actually knew of, but deliberately disregarded, [plaintiff's medical] needs"), *with Senty-Haugen v. Goodno*, 462 F.3d 876, 890 (8th Cir. 2006) (requiring "that officials knew about excessive risks to [plaintiff's] health but disregarded them"). The final objection is overruled.

## II. Defendants' Objections

First, Defendants' assertion that there is no right to privacy in information held by third parties is not true as an absolute. *See Carpenter v. United States*, 138 S. Ct. 2206, 2222 (2018) ("[A] warrant is required in the rare case where the suspect has a legitimate privacy interest in records held by a third party."). Though any such existing exceptions are extremely limited, Benson—construed liberally, with every inference taken in his favor—has provided more than a threadbare recitation of the elements of a Fourth

Amendment violation to survive a motion to dismiss. (Doc. No. 10, Am. Compl. ¶ 75.) This objection is overruled.

Next, Defendants misconstrue the Fourteenth Amendment due process claim related to the macing incident. A substantive due process claim requires violation of a fundamental right where the official's conduct "shocks the conscience"—a high bar of "inhumane" abuse of power designed to cause harm without legitimate purpose. *Mitchell v. Dakota Cty. Soc. Servs.*, 959 F.3d 887, 898 (8th Cir. 2020); *see also Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998) (analyzing excessive force claims under the Fourteenth Amendment); *Karsjens v. Lourey*, 988 F.3d 1047, 1052 (8th Cir. 2021). The allegation here is not simply deploying mace, but continuing to spray the Benson after he was subdued. (*See* Am. Compl. ¶¶ 81–83.) On the face of the pleadings, continuing to deploy an as-yet indeterminate amount of a harmful chemical compound on an already-subdued civil detainee may constitute excessive punishment by way of excessive force, sufficient to shock the conscience. *See Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014) (citing cases where the *manner* of pepper spray use gave rise to such constitutional claims); *Larson v. Jesson*, No. 11-2247, 2018 WL 3352926, at *18–19 (D. Minn. July 9, 2018) (contrasting the *Burns* cases with a Moose Lake plaintiff who failed to allege more than a limited use of pepper spray). This objection is overruled.

By contrast, Defendants are correct that Benson's related restrictive housing-based allegation—that following the macing incident, Benson was kept in a restrictive unit for an unduly long time—does not state a Fourteenth Amendment substantive due process claim. The R&R dispensed with the claim under procedural due process, but seemingly

4

allowed it to proceed on substantive grounds. (*See* Doc. No. 54 at 24–27.) Moose Lake's use of restrictive housing is not unlawfully punitive per se, *Karsjens*, 74 F.4th at 567, and Benson does not present sufficient facts about the circumstances surrounding his restrictions or Defendants' actions to infer that their conduct shocks the conscience. This objection is sustained.

Defendants' objection that individual-capacity Defendants should receive qualified immunity is unavailing at this stage. Qualified immunity is not available where an official deprived a plaintiff of a constitutional right that was clearly established. *Brandy v. City of St. Louis*, 75 F.4th 908, 913 (8th Cir. 2023). Taking all inferences in favor of Benson and liberally construing his Complaint, Defendants Murphy and Stewart are not presently entitled to qualified immunity for the alleged unconstitutional search and seizure of Benson's information through misrepresentations to a third party. *See Carpenter*, 138 S. Ct. at 2222 (limiting the third-party doctrine). Nor are Defendants Swartout, Johanson, Marvel, Tatum, and Menten qualifiedly immune for the alleged use of excessive punishment, or failing to stop the punishment. *See Burns*, 752 F.3d at 1140. As stated in the R&R, further fact development may alter the qualified immunity determination, but Defendants are not clearly entitled to qualified immunity based on the pleadings.

Lastly, Defendants reiterate their *Karsjens* preclusion argument for each of the three surviving claims, but do not provide any new argument and refer directly to their original briefing. Upon review, there is no clear error in the R&R—the surviving claims are not precluded.

**ORDER**

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The January 30, 2024 Report and Recommendation (Doc. No. 54) is **ACCEPTED** as modified;

2. Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. No. 44) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The following two claims in Plaintiff Brandon Keith Benson's Amended Complaint (Doc. No. 10), against only Defendants Swartout, Johanson, Marvel, Tatum, Menten, Murphy, and Stewart, survive:

   i. Plaintiff's First Cause of Action (Count I) for Violation of the Fourteenth Amendment remains only as to the allegations in paragraphs 81–83 and 102–103, that Defendants Swartout, Johanson, Marvel, Tatum, and Menten in their individual and official capacities deprived him of substantive Due Process rights during the June 2014 macing incident; and

   ii. Plaintiff's Seventh Cause of Action (Count IX) for Violation of the Fourth Amendment remains only as to the allegations in paragraph 75, that Defendants Murphy and Stewart in their individual and official capacities knowingly misrepresented their authority to a third party to obtain Plaintiff's personal information and data.

   b. The following claims asserted throughout the pleadings are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim:

6

      i.      Plaintiff's Fifth Cause of Action (Count VII): Unreasonable Discrimination in Violation of the Fourteenth Amendment;

      ii.      Plaintiff's claim that Defendants Stewart and Murphy searched and seized materials from Mr. Benson's cell in 2014 (Doc. No. 10 ¶ 76);

      iii.      Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs (*Id.* ¶¶ 86–87); and

      iv.      Plaintiff's claim that he was subject to restrictive housing for an excessive duration (*Id.* ¶¶ 103–04).

c.      The following claims are **DISMISSED WITH PREJUDICE** where precluded by the *Karsjens* litigation:

      i.      All other claims in Plaintiff's First Cause of Action (Count I): Violation of the Fourteenth Amendment of the United States Constitution;

      ii.      Plaintiff's Second Cause of Action (Count II): Right to be Free from Punishment in Violation of the Fourteenth Amendment of the United States Constitution;

      iii.      Plaintiff's Third Cause of Action (Count IV): Denial of Right to be Free from Inhumane Treatment in Violation of the Fourteenth Amendment to the United States Constitution;

      iv.      Plaintiff's Fourth Cause of Action (Count VI): Denial of Right to Religion and Religious Freedom in Violation of the First and Fourteenth Amendments to the United States Constitution;

      v.      Plaintiff's Sixth Cause of Action (Count VIII): Unreasonable Restriction of Free Speech and Free Association in Violation of the First Amendment to the United States Constitution; and

      vi.      All other claims in Plaintiff's Seventh Cause of Action (Count IX): Unreasonable Searches and Seizures in Violation of the Fourth Amendment to the United States Constitution.

Date: March 19, 2024

        *s/ Jerry W. Blackwell*
        JERRY W. BLACKWELL
        United States District Judge