UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Brandon Keith Benson, | Civ. No. 22-3059 (JWB/DLM) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Ken Stewart, Thane Murphy, Kent Johanson, Nicki Marvel, Troy Swartout, Brandon Tatum, and Darien Menten, *in their individual and official capacities*, | |
| Defendants. | |

---

Brandon Keith Benson, pro se Plaintiff.

Leonard J. Schweich, Esq., and Mara Sybesma, Esq., Minnesota Attorney General's Office, counsel for Defendants.

---

United States Magistrate Judge Douglas L. Micko issued a Report and Recommendation ("R&R") on December 22, 2025, recommending that Defendants' Motion for Summary Judgment be granted. (Doc. No. 143.) Plaintiff Brandon Keith Benson filed a timely objection on January 12, 2026. (Doc. No. 144.) For the following reasons, Benson's objection is overruled, and the R&R is accepted.

## DISCUSSION

A district court reviews the portions of the R&R to which a party objects de novo and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). When a party fails to file specific objections to an R&R or merely repeats its prior arguments, de

novo review is not required. *See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). The portions of an R&R to which no specific objection is made are reviewed for clear error. *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996). Because Benson is pro se, his objections receive liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Benson does not present a sufficiently specific objection to the R&R's analysis. Instead, he makes conclusory declarations about the R&R, most of which overstate its reasoning and conclusions. Benson also makes broad statements about legal standards relating to the claims and issues in his case, at times combining portions of the summary judgment and motion to dismiss standards.

To the extent any specific objection can be discerned from construing Benson's filing liberally, none presents a reason to reject the R&R. The closest Benson comes to a specific objection is his assertion that the R&R improperly weighed evidence. That objection fails for two reasons. First, there is a difference between weighing evidence and assessing whether there is enough evidence in the record to support a jury verdict and survive summary judgment. The R&R appropriately conducted only the latter here. And second, as the R&R correctly states, the issue of whether a use of force shocks the conscience is a question of law for the court to decide. (*See* Doc. No. 143 at 8.) Thus, it is not improper for the R&R to have considered the evidence in analyzing that issue.

Benson's claims survived dismissal because, at the pleading stage, his allegations were accepted as true and all reasonable inferences were drawn in his favor. Now at the summary judgment stage, the R&R specifically reasoned that the record did not include

enough evidence to support a verdict in Benson's favor on either constitutional claim.

Benson's Fourth Amendment claim was only supported by his own testimony that he had received suspicious activity alerts from his bank, that he believed Defendant Murphy harbored animus against him, and that he believed Murphy and Stewart worked closely together. But even assuming his case involves an actionable privacy interest, Benson produced no actual evidence that Defendants had accessed his records.

Benson's Fourteenth Amendment claim survived dismissal based on his allegation that mace was used continuously and after he was already subdued. But the R&R determined that Benson cites no record evidence supporting that allegation. Instead, the video and reports of the incident show that pepper spray was deployed intermittently after Benson became physical and refused to comply with directives—not continuously and after restraint. Benson's objection identifies no supporting evidence either.

Plaintiff's assertions are simply not supported by record evidence linking Defendants to the alleged conduct. At summary judgment, speculation or subjective belief cannot create a genuine issue of material fact. The conclusion here rests on evidentiary insufficiency rather than any assessment of credibility.

Finally, the R&R did not make a qualified immunity ruling. Instead, it did not proceed further with qualified immunity analysis because it had determined the evidence did not establish a constitutional violation that could survive summary judgment.

## ORDER

Based on the R&R of the Magistrate Judge, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

3

1. Plaintiff Brandon Keith Benson's objection to the December 22, 2025 Report and Recommendation (Doc. No. 144) is **OVERRULED**.

2. The December 22, 2025 Report and Recommendation (Doc. No. 143) is **ACCEPTED**.

3. Defendants' Motion for Summary Judgment (Doc. No. 119) is **GRANTED**.

4. The remaining claims in Plaintiff's Amended Complaint (Doc. No. 10) that were not previously dismissed on March 19, 2024 (Doc. No. 58) are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 11, 2026          *s/ Jerry W. Blackwell*
                                 JERRY W. BLACKWELL
                                 United States District Judge